IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA YAZMIN VALENCIA LOPEZ, *et al.*, | § § § | |
| *Plaintiffs*, | § | |
| VS. | § § | CIVIL ACTION NO. 4:24-cv-2128 |
| UR M. JADDOU, | § § | |
| *Defendant*. | § § § | |

## ORDER

Defendant Ur M. Jaddou, Director of U.S. Citizenship and Immigration Services filed a Motion to Dismiss or, Alternatively, Motion to Sever and Dismiss before this Court. (Doc. No. 11). Plaintiffs responded, (Doc. No. 12), and Defendant replied, (Doc. No. 16). After carefully considering the pleadings and the applicable law, the Court **GRANTS** in part and **DENIES** in part Defendant's motion.

## I. BACKGROUND

This case involves applications for U nonimmigrant status, also known as the "U visa," under the Immigration and Nationality Act ("INA"). In 2000, Congress created a new visa classification—U nonimmigrant status—when it passed the Victims of Trafficking and Violence Protection Act. Pub. L. No. 106-386, § 1513(a)(2)(A), 114 Stat. 1464, 1533 (2000). The U visa provides temporary legal status to noncitizens who were victims of certain qualifying crimes and who are helpful to law enforcement in the investigation or prosecution of those crimes. *Id.* The statute also allows some of the U visa applicant's qualifying family members to receive derivative U nonimmigrant status, depending on the applicant's age. 8 U.S.C.A. § 1101(U)(ii); USCIS, Policy Manual, Vol. 3, Part C, Ch. 1, https://www.uscis.gov/policy-manual/volume-3-part-c.

When it created the U visa, Congress imposed a statutory cap, only allowing the U.S. Citizenship and Immigration Services ("USCIS") to issue 10,000 U visas each year, not including those issued to derivative family members. 8 U.S.C. § 1184(p)(2)(A). Anticipating that the number of U visa applicants would eventually exceed the annual statutory cap, USCIS created the U visa waiting list. *See* 8 C.F.R. § 214.14(d)(2). Once the numerical limit on U visas is reached in a particular year, all remaining submitted petitions that are deemed approvable, but are not granted a U visa solely because the cap was already reached, are placed on the U visa waiting list. *Id.* After a petitioner is placed on the waiting list, USCIS "will grant" the petitioner parole or designate one for deferred action status, and "in its discretion, [USCIS] may authorize employment" for them. *Id.*

By 2011, the number of U visa applicants began to exceed the annual statutory cap of 10,000. USCIS, *Number of Form I-918, Petition for U Nonimmigrant Status by Fiscal Year, Quarter, and Case Status, Fiscal Years 2009-2024*, https://www.uscis.gov/sites/default/files/document/data/i918u_visastatistics_fy2024_q1.xlsx (last visited Oct. 30, 2025). As of September 2024, 238,892 principal U visa petitions were pending before USCIS. *Id.*

In a 2008 amendment to the INA, Congress gave USCIS discretion to grant employment authorization to noncitizens with pending "bona fide" U nonimmigrant status petitions. 8 U.S.C. § 1184(p)(6). As a result, USCIS implemented a "bona fide determination" process to determine which pending U visa petitions were "bona fide" and thus, those petitioners were eligible for discretionary interim benefits of work authorization and deferred action. USCIS, Policy Manual, Vol. 3, Part C, Ch. 5. These benefits are considered "interim" because U visa petitioners can receive

them while they wait for the full benefit of a U visa, which is limited by the statutory cap. *Id.* Ch. 4.

According to USCIS, the U visa program now involves "three distinct adjudicative processes:" (1) the bona fide determination process; (2) waiting list adjudication; and (3) final adjudication. *Id.*[1] In its Policy Manual, USCIS describes the "bona fide determination" process as follows:

> During the [bona fide determination] process, USCIS first determines whether a pending petition is bona fide. Second, USCIS, in its discretion, determines whether the petitioner poses a risk to national security or public safety, and otherwise merits a favorable exercise of discretion. If USCIS grants the alien a Bona Fide Determination Employment Authorization Document . . . as a result of the [bona fide determination] process, USCIS then also exercises its discretion to grant that alien deferred action for the period of the [bona fide determination employment authorization]. USCIS generally does not conduct waiting list adjudications for aliens who USCIS grants [bona fide determination employment authorizations] and deferred action to; these petitioners' next adjudicative step is final adjudication when space is available under the statutory cap.

*Id.* Ch. 5. If USCIS ultimately decides the U visa petition is not bona fide, then a waiting list adjudication is initiated for that petition. *Id.* Ch. 6. Unlike the bona fide determination, waiting list adjudication involves a full file review and analysis of the U visa eligibility requirements. *Id.* Ch. 7, Ch. 6. At the conclusion of this waiting list review, USCIS either denies the petition or places the petitioner on the waiting list. *Id.* Ch. 6. Final adjudication then occurs when space under the statutory cap is available. *Id.* Ch. 7. During the final adjudication USCIS conducts another full review of the petition. *Id.* Neither a favorable bona fide determination nor placement on the waiting list guarantee a grant of U visa status. *Id.*

---

[1] USCIS maintains a "Bona Fide Determination Process Flowchart" to visually illustrate its process for adjudicating U visa petitions. *Appendix: Bona Fide Determination Process Flowchart*, USCIS, https://www.uscis.gov/sites/default/files/document/policy-manual-resources/Appendix-BonaFideDeterminationProcessFlowchart.pdf (last visited Oct. 30, 2025).

U visa petitions, at times, can remain pending before any kind of adjudication for years.[2] As of October 2025, the USCIS reported that 80% of U visas are processed within 28.5 months. *Id.* During that time, petitioners remain without legal status and without work authorization for what Plaintiffs allege to be a seemingly "indefinite" period of time. *See* USCIS, Policy Manual, Vol. 3, Part C, Ch. 4; (Doc. No. 12 at 19). Describing this process as the "undocumented twilight," Plaintiffs claim they are suffering from exactly that. (Doc. No. 12 at 19).

In this case, Plaintiffs are 47 individuals with U visa petitions pending before USCIS. (Doc. No. 11 at 6). For the most part, Plaintiffs' petitions have all been pending for different lengths of time, from the shortest, that has been pending for three months, to the longest, that has been pending for seventy-two months. (Doc. 1 at 21, 24). In this lawsuit, Plaintiffs allege that Defendant has unlawfully and unreasonably delayed both the initial bona fide determination and the waiting list determination regarding their U visa petitions. (Doc. No. 1 at 42–43). As a result of this alleged delay, Plaintiffs claim they remain without work authorization and deferred action, which are benefits U visa petitioners can receive while they wait for availability under the statutory cap. *Id.* Plaintiffs bring their claims under § 706(1) of the Administrative Procedure Act ("APA") and ask this Court to "compel agency action unlawfully withheld or unreasonably delayed." (Doc. 1 at 42 (quoting 5 U.S.C. § 706(1))). Plaintiffs also ask this Court to issue a writ of mandamus compelling Defendant to adjudicate their bona fide determination, waiting list placement, and interim U visa benefits. (*Id.* at 44).

---

[2] *Case Processing Times*, USCIS, https://egov.uscis.gov/processing-times/ (last visited Oct. 30, 2025). Notably, Defendant cited this same USCIS resource in her motion to dismiss in October 2024, and at that time, USCIS reported that 80% of U visas were processed within 54.5 months. (Doc. No. 11 at 8). It is not clear to the Court, nor relevant to this litigation at this time, why there has been such a significant change in average processing times. Nevertheless, the Court notes U visa processing time for 80% of applicants seems to have reduced by about 26 months in the last year. *See id.*

Defendant's Rule 12(b)(1) motion to dismiss urges this Court to dismiss, or sever and dismiss, Plaintiffs' claims because: (1) this Court lacks subject matter jurisdiction under the jurisdiction stripping provision of the INA; (2) this Court lacks subject matter jurisdiction based on Plaintiffs' failure to show the required injury-in-fact and redressability for Article III standing; and (3) the 47 Plaintiffs have been improperly joined under Federal Rule of Civil Procedure 21. (Doc. No. 11 at 6–7).

It is important to note that Defendant has only filed a motion to dismiss under Rule 12(b)(1) challenging this Court's jurisdiction to hear Plaintiffs' case. Defendant has not filed a Rule 12(b)(6) motion to dismiss Plaintiffs' complaint for failure to state a claim. At this stage in the proceedings, this Court is only to determine whether or not it has jurisdiction to hear this case. It is not examining the merits of Plaintiffs' claims, nor is this Court instructing USCIS to make any kind of determination in Plaintiffs' U visa petitions.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction. U.S. CONST., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331–32. Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In analyzing a motion to dismiss under

5

Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Id.*

## III. ANALYSIS

### A. Statutory Background

It is important to remember that Plaintiffs bring two of their claims under the APA. Under Section 706(1) of the APA, courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). That being the case, § 706 of the APA does not apply where "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1), (2).

In immigration cases, 8 U.S.C. § 1252(a)(2)(B)(ii) explicitly precludes judicial review of "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). "This subchapter" in clause (ii) refers to "Title 8, Chapter 12, Subchapter II, of the United States Code, codified at 8 U.S.C. §§ 1151–1381." *Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010). In other words, § 1252(a)(2)(B)(ii) bars judicial review of any decision or action that is made discretionary by statutes within 8 U.S.C. §§ 1151–1381. Section 1184(p), which provides the requirements applicable to U visas, falls within this specified statutory range. Thus, judicial review is explicitly prohibited of any decision which § 1184(p) makes discretionary. *See* § 1252(a)(2)(B)(ii).

With this necessary statutory background established, the Court turns to Defendant's arguments in her motion to dismiss.

**B. Subject Matter Jurisdiction over APA § 706(1) Claims**

Plaintiffs and Defendant dispute whether four distinct parts of the U visa adjudication process are discretionary and thus precluded from judicial review. Those parts of the process are: (1) the bona fide determination; (2) the granting of interim benefits of work authorization and deferred action if the petition is deemed as "bona fide"; (3) the waiting list determination; and (4) the granting of deferred action if placed on the waiting list. (Doc. No. 11 at 10, 12); (Doc. No. 12 at 13, 20).

    **i.    The bona fide determination and the granting of the related interim benefits of work authorization and deferred action are both unreviewable.**

Defendant argues first that USCIS's grant of interim benefits to those petitioners it deems as "bona fide" is a discretionary act because of the statute's construction. (Doc. No. 11 at 10). Next, Defendant contends that under *Patel v. Garland*, 596 U.S. 328 (2022), the initial bona fide determination itself is also discretionary because it is a factual predicate to the discretionary grant of interim benefits. (*Id.*).

Plaintiffs disagree. They argue that USCIS's Policy Manual binds it to make bona fide determinations on all U visa applications, which, in effect, makes the bona fide determination non-discretionary, and therefore, USCIS *has* to do it. (Doc. No. 12 at 21). Plaintiffs concede that if USCIS determines a petition is bona fide, it has discretion over whether it grants work authorization. (*Id.*). That being said, Plaintiffs insist if a bona fide determination is made, USCIS must grant deferred action status, which is a non-discretionary act. (*Id.*).

First, USCIS's decision to grant the interim benefits of work authorization and deferred action as a result of the bona fide determination is discretionary. The relevant provision under the

7

INA states that "[t]he Secretary *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6) (emphasis added). "[T]he word 'may' clearly connotes discretion." *Bouarfa v. Mayorkas*, 604 U.S. 6, 13–14 (2024) (internal quotation omitted). It follows that the decision to grant work authorization to a U visa petitioner who has a pending, bona fide application is purely discretionary, so Section 1252(a)(2)(B)(ii) makes it clear this Court has no jurisdiction to review that decision under the APA. *See Vimal S. P. v. Garland*, No. 4:24-CV-04002, 2025 WL 2774400, at *4 (S.D. Tex. Sept. 26, 2025); *Hernandez v. Jaddou*, No. 1:24-CV-00093, 2025 WL 2264604, at *2 (S.D. Tex. Apr. 3, 2025) (both concluding the same).

Next, Defendant argues that the bona fide determination itself is also unreviewable because it is a factual predicate to USCIS's discretionary decision to grant interim benefits under *Patel v. Garland*, 596 U.S. 328 (2022). (Doc. No. 11 at 12). Plaintiffs insist that USCIS's factual findings are not at issue because USCIS "refuses to decide the bona fides of Plaintiffs' U visa petitions at all." (Doc. No. 12 at 22).

The Court finds that it also does not have jurisdiction to review the initial bona fide determination. In *Patel*, the Supreme Court analyzed § 1252(a)(2)(B)(i), which strips courts of jurisdiction to review any judgment granting relief under specific sections of immigration statutes. *Patel*, 596 U.S. at 338. It interpreted § 1252(a)(2)(B)(i) broadly and held that federal courts lack jurisdiction to review not only the "granting of relief" but also any factual findings or "judgment *relating to* the granting of relief." *Id.* at 339 (emphasis in original).

The Fifth Circuit, in *Cheejati v. Blinkin*, applied *Patel*'s holding to § 1252(a)(2)(B)(ii) and concluded that if a policy is a practical application of the discretion afforded to the Attorney General, then that policy is precluded from judicial review under § 1252(a)(2)(B)(ii). *Cheejati v.*

8

*Blinken*, 106 F.4th 388, 394 (5th Cir. 2024), *cert. denied,* 145 S. Ct. 1126 (2025). Under *Cheejati*, predicate factual findings of a discretionary decision are unreviewable, and a policy that is the "practical application" of a discretionary decision is also unreviewable. *Id.*

Here, the bona fide determination policy, laid out in USCIS's Policy Manual, is the practical application of USCIS's discretionary decision to grant work authorization to the U visa petitioners' applications it deems as bona fide. *See Vimal S. P. v. Garland*, No. 4:24-CV-04002, 2025 WL 2774400, at *4 (S.D. Tex. Sept. 26, 2025) (concluding that judicial review of the bona fide determination is precluded because that determination is a predicate to discretionary employment authorizations); *Hernandez v. Jaddou*, No. 4:24-CV-00453, 2025 WL 819657, at *5 (S.D. Tex. Mar. 6, 2025) (Hanks, J.) (concluding the same).

This conclusion is also supported by the statutory language. Section 1252(a)(2)(B)(ii)'s bar on jurisdiction applies not only to USCIS's decision to grant or deny work authorization under § 1184(p)(6), but also to "any . . . action" leading to that decision. *See* § 1252(a)(2)(B)(ii); *Cheejati*, 106 F.4th at 394.

The grant of deferred action after USCIS has determined a petition is "bona fide" is also discretionary and unreviewable. Under USCIS's bona fide determination policy, "[i]f USCIS grants the alien a Bona Fide Determination Employment Authorization Document . . . as a result of the [bona fide determination] process, USCIS then also *exercises its discretion* to grant that alien deferred action for the period of the [bona fide determination employment authorization]." USCIS, Policy Manual, Vol. 3, Part C, Ch. 6 (emphasis added).

Both the initial bona fide determination and the subsequent grant of work authorization and deferred action are discretionary acts. Therefore, this Court lacks jurisdiction to review or compel either of these discretionary acts under § 1252(a)(2)(B)(ii). Plaintiffs' claims alleging Defendant

unlawfully delayed or withheld the bona fide determination and related interim benefits are **DISMISSED** for lack of subject matter jurisdiction.

### ii. The waiting list determination and the grant of deferred action or parole when placed on the waiting list are reviewable.

Next, Defendant argues that *Patel v. Garland*, 596 U.S. 328 (2022), also supports finding that this Court lacks jurisdiction to compel USCIS to adjudicate Plaintiffs' waiting list eligibility. (Doc. No. 11 at 12). Plaintiffs' counter that the plain language of the federal regulation establishing the U visa waiting list makes the waiting list determination nondiscretionary. (Doc. No. 12 at 16).

The regulation at issue provides:

> (2) Waiting list. All eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status *must* be placed on a waiting list and receive written notice of such placement . . . . USCIS *will grant* deferred action or parole to U–1 petitioners and qualifying family members while the U–1 petitioners are on the waiting list. USCIS, *in its discretion*, may authorize employment for such petitioners and qualifying family members.

8 C.F.R. § 214.14(d)(2) (emphasis added).

When determining the discretionary nature of an agency decision, words such as "shall" or "must" generally make a decision nondiscretionary while words such as "may" imply discretion. *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171–72 (2016). Here, the regulation unambiguously requires USCIS to place petitioners on the waiting list if they are eligible for U visa status. *See* § 214.14(d)(2). Similarly, USCIS unambiguously must grant deferred action or parole to any petitioners placed on the waiting list. *Id.* Other courts within the Southern District of Texas have reached this same conclusion. *Vimal S. P.*, 2025 WL 2774400, at *5; *Hernandez v. Jaddou*, No. 1:24-CV-00093, 2025 WL 2264604, at *2 (S.D. Tex. Apr. 3, 2025) (Olvera, J.).

Additionally, pursuant to the APA, the USCIS is required to complete matters received "within a reasonable time," 5 U.S.C. § 555(b), and courts are authorized to "compel agency action

10

unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1). Since the USCIS is required to place eligible petitioners on the waiting list, within a reasonable time pursuant to 5 U.S.C. § 555(b), the Court has jurisdiction to review the claims of alleged unreasonably delayed or unlawfully withheld waiting list determinations pursuant to 5 U.S.C. § 706(1). *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 597 (W.D. Tex. 2019), *report and recommendation adopted,* No. 1:19-CV-477-LY, 2020 WL 10056215 (W.D. Tex. Jan. 24, 2020).

This Court has jurisdiction to consider Plaintiffs' claims that USCIS has unreasonably delayed the waiting list determination for Plaintiffs' U visa petitions. USCIS *"must"* place eligible petitioners on the waiting list and, if placed on the waiting list, petitioners *"will"* be granted deferred action. 8 C.F.R. § 214.14(d)(2) (emphasis added).[3] Those agency actions are nondiscretionary and thus, not exempted from judicial review under 8 U.S.C. § 1252(a)(2)(B)(ii).

## C. Article III Standing

In a separate jurisdictional challenge, Defendant claims that Plaintiffs lack standing because they fail to allege a sufficient injury-in-fact and the harm they complain of "cannot be redressed by this Court." (Doc. No. 11 at 17). In response, Plaintiffs argue first, that they have suffered "profound injur[y]," and second, that their injuries are redressable by this Court. (Doc. No. 12 at 25–27).

Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish Article III standing, "a plaintiff must show: (i) that [he] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423

---

[3] At this stage of the litigation, this Court has not evaluated the merits of Plaintiffs' claims. Defendant's present motion only challenges this Court's jurisdiction to hear Plaintiffs' claims.

(2021) (citing *Lujan*, 504 U.S. at 560–61). "As the party invoking federal jurisdiction," Plaintiffs "bear the burden of demonstrating" standing to bring the claims alleged. *Id.* at 2207. To establish an injury-in-fact, a plaintiff "must show that he or she suffered 'an invasion of a legally protected interest'" that goes beyond "conjectural or hypothetical." *Spokeo, Inc. v. Roberts*, 578 U.S. 330, 339 (2016) (citing *Lujan*, 504 U.S. at 560). Redressability turns on whether the plaintiff "personally would benefit in a tangible way from the court's intervention." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 n.5 (1998). Here, injury-in-fact and redressability are the standing elements at issue.

First, Plaintiffs have demonstrated a concrete injury-in-fact. In this case, Plaintiffs' alleged injury is the delay in determining the bona fide status or waiting list eligibility of their U visa petitions, which has created a "lost opportunity to apply for immigration benefits" of work authorization and deferred action. (*Id.*) (internal quotations omitted). "A plaintiff suffers a constitutionally cognizable injury by the loss of an opportunity to pursue a benefit ... even though the plaintiff may not be able to show that it was certain to receive that benefit had it been accorded the lost opportunity." *Ecosystem Inv., Partners v. Crosby Dredging, L.L.C.*, 729 F. App'x 287, 292 (5th Cir. 2018). Although the Fifth Circuit has not addressed applying this premise to immigration benefits, other courts, both inside and outside of the Southern District of Texas, have found an injury-in-fact in the same or similar circumstances. *See Hernandez*, 2025 WL 2264604, at *3 (Olvera, J.); *Vimal S. P.*, 2025 WL 2774400, at *6; *Hernandez*, 2025 WL 819657, at *3 n.1 (Hanks, J.) (collecting cases).

Plaintiffs have also demonstrated that their injury is redressable. Defendant argues that Plaintiffs' demanded relief would not give them any "tangible benefit or remedy their alleged harm." (Doc. No. 11 at 18). In her motion, Defendant characterized the harm at issue here as

12

USCIS's final issuance of employment authorization or a grant of deferred action, after the petition's waiting list placement. (*Id.*). In contrast, the Plaintiffs characterize the injury here as "the opportunity to be considered for" interim benefits in the first place. (Doc. No. 12 at 26). Plaintiffs are not asking the Court to order USCIS to deem Plaintiff's petitions as "bona fide" or to grant them deferred action. Instead, Plaintiffs ask the Court to compel USCIS to "make . . . waiting list determinations without further delay." (Doc. No. 1 at 7).

Defendant has mischaracterized the injury Plaintiffs ask this Court to redress. When properly framed as the lost opportunity to seek interim waiting list benefits, the Plaintiffs injury is remediable by a court order requiring a waiting list determination within a reasonable time. *See Hernandez*, 2025 WL 2264604, at *3 (Olvera, J.) ("If this Court finds Defendant has unreasonably delayed determination of Plaintiffs' Waitlist eligibility and deferred action or parole, it may grant the requested relief [of injunctive relief compelling USCIS to adjudicate their eligibility for waiting list placement]."). Other courts have reached this same conclusion when presented with the same or a similar concrete injury. *See, e.g., id.*; *Vimal S. P.*, 2025 WL 2774400, at *6; *De Sousa v. Dir. of U.S. Citizenship & Immigr. Servs.*, 720 F. Supp. 3d 794, 802–03 (N.D. Cal. 2024) ("When properly framed as the lost opportunity to seek parole, the . . . Plaintiffs' injury is plainly remediable by a court order requiring waiting list decisions within a reasonable time."); *Reyes Olmos v. U.S. Citizenship & Immigr. Servs.*, 785 F. Supp. 3d 459, 471–72 (D. Neb. 2025).[4]

---

[4] The Court recognizes that one sister court previously found that similar U visa-petitioner plaintiffs did not have standing due to a lack of redressability. *Hernandez*, 2025 WL 819657, at *3 (Hanks, J.). That case, however, can be distinguished from the case at hand. In *Hernandez*, the court's analysis addressed the bona fide determination, whereas, in this case, the standing inquiry's focus is on the waiting list determination. *See id.* at *3–4. This Court proceeds in line with the other cases from within this District which are cited above.

Additionally, the Court finds it notable that in each of the above cited cases, Defendant's Rule 12(b)(1) motion to dismiss was accompanied with a Rule 12(b)(6) component as well. Here, as the Court has previously pointed out, only a Rule 12(b)(1) motion is before the Court.

Plaintiffs have sufficiently met Article III's injury-in-fact and redressability requirements. Therefore, this Court has jurisdiction to review Plaintiffs' waiting list determination claims.

### D. Improper Joinder

Finally, Defendant argues that even if the Court finds that it has subject matter jurisdiction over Plaintiffs' claims, it "should, nevertheless, sever and dismiss without prejudice the claims of all but the lead Plaintiff and her derivative family member because the claims are improperly joined." (Doc. No. 11 at 19–20).

Rule 20 governs permissive joinder and "allow[s] joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); Fed. R. Civ. P. 20. "Generally, permissive joinder ... is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). "However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo*, 600 F.3d at 521 (internal citations omitted). The Court's analysis is guided by the Supreme Court's preference for "entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

i. **Prong One: Same Transaction, Occurrence, or Series of Transactions or Occurrences**

The Fifth Circuit has not yet articulated a test addressing the first prong of this test: what constitutes the same transaction, occurrence, or series of transactions or occurrences. *Wagner v. Harris Cnty.*, No. 4:23-CV-02886, 2024 WL 1639910, at *2 (S.D. Tex. Apr. 15, 2024). However,

district courts within the Fifth Circuit generally assess whether there is some connection or logical relationship between the claims. *Id.* (internal quotations omitted). "Claims arise out of the same transactions or occurrences when the complaint alleges a defendant's pattern or policy of behavior, regardless of differences amongst the plaintiffs' individual claims." *McConnell v. Sw. Bell Tel. L.P.*, No. 3:20-CV-01457-X, 2021 WL 1561435, at *3 (N.D. Tex. Apr. 21, 2021).

Here, Plaintiffs allege and challenge "a system of decision-making or widely-held policy" which includes "USCIS's policy and practice of arbitrarily and capriciously failing to assess the merits of Plaintiffs' petitions and grant interim benefits." (Doc. No. 12 at 31). Plaintiffs contend that "USCIS pursues a pattern or policy of delay" that "applies to each of the Plaintiffs in precisely the same way." (*Id.*). Defendants counter that each Plaintiff has "varied circumstances" and "adjudication of each case turns on individual circumstances associated with establishing eligibility for the benefit sought." (Doc. No. 11 at 21–22).

Plaintiffs' different backgrounds and circumstances do not prevent joinder of their claims in this case because Plaintiffs do not allege that USCIS's delay is specific to their individual applications. "Plaintiffs allege that USCIS' internal policies and practices have caused an unreasonable delay in dealing with all applications for a U-visa." *Hernandez*, 2025 WL 2264604, at *4 (Olvera, J.). Since Plaintiffs allege injuries resulting from a common set of policies or practices by USCIS, the Court finds that Plaintiffs satisfy the same transaction test. *Wagner*, 2024 WL 1639910, at *2.

### ii. Prong Two: Common Question of Law or Fact

Plaintiffs have also satisfied the common question of law or fact test. "This test does not require the claims to be identical; the presence of a single common question of law or fact is sufficient." *Wagner*, 2024 WL 1639910, at *2. Again, Plaintiffs are not alleging that USCIS's delay

15

is specific to their individual applications. Instead, Plaintiffs allege that "USCIS's delays are not owing to any factual difference in Plaintiffs' petitions, but rather to a systemic failure to assess U visa petitions within any time certain." (Doc. No. 12 at 31). Resolution of the remaining claims in this case is likely to revolve around a common set of operative facts pertaining to USCIS's internal policies and practices rather than numerous independent adjudications for each U visa petition. *Hernandez*, 2025 WL 2264604, at *4 (Olvera, J.). Accordingly, Plaintiffs have satisfied this second prong.

For these reasons, Plaintiffs' claims should not be severed at this time. As the case progresses, severing Plaintiffs' claims may, however, become appropriate. Therefore, Defendant's Motion to Sever and Dismiss is **DENIED** without prejudice.

## IV. CONCLUSION

Defendant's Motion to Dismiss or, Alternatively, Motion to Sever and Dismiss is **GRANTED** in part and **DENIED** in part. Plaintiffs' claims related to the bona fide determination and the granting of the "bona fide"-related interim benefits of work authorization and deferred action are **DISMISSED** without prejudice for lack of subject matter jurisdiction. Plaintiffs' claims related to waiting list determination and subsequent deferred action, or parole remain, unsevered.

Defendant's motion to sever is **DISMISSED** without prejudice.

The Defendant shall file an answer to the Plaintiffs' remaining claims on or before December 12, 2025.

It is so ordered.

Signed on this the 21st day of November 2025.

Andrew S. Hanen
United States District Judge